UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

STANLEY JOSEPH, )
 )
    Plaintiff, )
 )
v. ) No. 4:21-cv-00208-JAR
 )
ANNISSA RENEE ISBELL, et al., )
 )
    Defendants. )

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Stanley Joseph for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, this action will be dismissed without prejudice.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir.

2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is a self-represented litigant who has filed a document with the Court entitled "Affidavit," which has been construed as a civil rights complaint. (Docket No. 1). The complaint names Annissa Renee Isbell, Edward Reed, and Carol Lusk as defendants. (Docket No. 1 at 1). Isbell is the mother of plaintiff's child; Reed is an attorney and hearing officer; and Lusk is a child support specialist. Plaintiff purports to bring this action pursuant to 42 U.S.C. § 1983. (Docket No. 1 at 2).

2

With regard to his claim, plaintiff alleges that Reed and Lusk "made the premature decision" to raise his child support order from $556 to $582. To support this contention, plaintiff states that noncustodial parents have the "right" to receive documents regarding their children's education, as well as certification that they are in school. (Docket No. 1 at 1). He further asserts that when a child has been held back a year, resulting in a delay in that child completing high school, this should be taken into consideration when determining child support obligations. Plaintiff contends that when "the custodial parent fails to produce all of the required documentation" within "20 calendar days of the date of this notice, payments of child support should be terminated with out the accrual of any child support arrearage[,] and shall not be eligible for reinstatement."

As to his child support obligations, plaintiff notes that he works for Greyhound and has seen his hours cut due to the COVID-19 pandemic, negatively affecting his pay. (Docket No. 1 at 1-2). Plaintiff also alleges that he signed a "binding contract" with Isbell, in which Isbell relinquished her rights to child support.

Attached to the complaint is a copy of the notarized "contract" between plaintiff and Isbell. (Docket No. 1 at 4). In the contract, Isbell purports to take responsibility for her pregnancy by having "neglected to inform" plaintiff "that [she] was not taking birth control correctly." Also attached to the complaint is a copy of the "Decision and Order" entered by hearing officer Reed in the Missouri Department of Social Services, Family Support Division. (Docket No. 1-1). The Court has reviewed these exhibits, and will treat them as part of the pleadings. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes"). *See also Pratt v. Corrections Corp. of America*, 124 Fed. Appx. 465, 466 (8th Cir. 2005) (explaining that "the district court was required to consider the allegations not only in

3

[plaintiff's] pro se complaint, but also in his motion to amend, his response to defendants' motion to dismiss, and the attachments to those pleadings").

Though it is not entirely clear what relief plaintiff seeks, it appears that he is requesting this Court to overturn the "Decision and Order" in *State of Missouri ex rel. Isbell v. Joseph*, No. 70950687 (Department of Social Services, Family Support Division February 9, 2021).

## Discussion

Plaintiff is a self-represented litigant who brings this civil action pursuant to 42 U.S.C. § 1983, alleging that his rights were violated by the issuance of a child support order. Because plaintiff is proceeding in forma pauperis, the Court reviewed his complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will dismiss this action without prejudice for lack of subject matter jurisdiction, and for failure to state a claim.

### A. Lack of Federal Subject Matter Jurisdiction

Subject matter jurisdiction refers to a court's power to decide a certain class of cases. *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). *See also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute"). The presence of subject matter jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). *See also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). As such, the issue of subject matter

4

jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

Federal courts have subject matter jurisdiction over both federal question cases and diversity of citizenship cases. *See Auto-Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation*, 495 F.3d 1017, 1020 (8th Cir. 2007) (finding that subject matter jurisdiction is lacking if neither diversity of citizenship nor federal question jurisdiction applies); and *McLaurin v. Prater*, 30 F.3d 982, 984-85 (8th Cir. 1994) (noting that Congress has directed that district courts shall have jurisdiction in both federal question and diversity cases). The burden of proving subject matter jurisdiction belongs to the plaintiff. *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000). In this case, plaintiff has failed to demonstrate the existence of either federal question or diversity of citizenship jurisdiction.

### i. **Federal Question Jurisdiction**

Federal question jurisdiction gives district courts "original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015). *See also* 28 U.S.C. § 1331. Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016). The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Markham v. Wertin*, 861 F.3d 748, 754 (8th Cir. 2017). *See also Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) ("Under the well-pleaded complaint rule, a federal question must exist on the face of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction").

5

Plaintiff's complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998). *See also Northwest South Dakota Production Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986) (stating that "[a] non-frivolous claim of a right or remedy under a federal statute is sufficient to invoke federal question jurisdiction"). "If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." *Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 907 (8th Cir. 2005).

Here, plaintiff attempts to assert federal question jurisdiction by asserting that his cause of action arises under 42 U.S.C. § 1983. *See Convent Corp. v. City of North Little Rock, Ark.*, 784 F.3d 479, 483 (8th Cir. 2015) (stating that a claim brought pursuant to 42 U.S.C. § 1983 "arises under federal law and will support federal-question jurisdiction pursuant to § 1331"). Aside from alleging that defendants Reed and Lusk acted under color of state law, however, plaintiff has done nothing to demonstrate that § 1983 is applicable to his case. Specifically, plaintiff has not established that defendants violated his constitutional rights. *See Wong v. Minnesota Dep't of Human Servs.*, 820 F.3d 922, 934 (8th Cir. 2016) ("To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States"). While plaintiff makes vague reference to his "right" as a noncustodial parent to receive certain documentation from the custodial parent, he makes no attempt to connect this alleged right to a constitutional source. Likewise, none of the allegations in the complaint allow the Court to discern any violation of a right secured by the constitution and federal law. As such, 42 U.S.C. § 1983 is inapplicable, and does not provide a jurisdictional basis to plaintiff's action.

Beyond the fleeting mention of 42 U.S.C. § 1983, the Court can find no other support for federal question jurisdiction. That is, plaintiff does not contend that any federal statutes or treaties are at issue. He also does not suggest that his right to relief depends on the resolution of a substantial question of federal law. Finally, plaintiff is not suing the federal government, a federal agency, or a federal employee. For all these reasons, plaintiff has failed to carry his burden of demonstrating the existence of federal question jurisdiction.

### ii. Diversity of Citizenship Jurisdiction

"Under 28 U.S.C. § 1332(a), district courts have original diversity jurisdiction over civil actions when the matter in controversy exceeds $75,000, without considering interest and costs, and when the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). With regard to the amount in controversy, a complaint making a good faith allegation of the jurisdictional amount is sufficient to confer jurisdiction. *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 931 (8th Cir. 2010). However, a "complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id. See also Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002). "The legal certainty standard is met where the legal impossibility of recovery is so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017).

With regard to diversity of the parties, "[c]omplete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). Diversity jurisdiction requires that the parties be citizens of different states, not merely residents. *Sanders*, 823 F.2d at 216. For purposes of diversity, state citizenship requires an individual's physical presence in the state

7

coupled with an indefinite intention there to remain. *Blakemore v. Missouri Pac. R.R. Co.*, 789 F.2d 616, 618 (8th Cir. 1986).

In this case, diversity of citizenship jurisdiction does not exist. First, plaintiff appears to be a Missouri citizen, but he has not shown that all defendants are citizens of states other than Missouri. To the contrary, the "Decision and Order" attached to the complaint notes that Isbell also lives in Missouri, meaning there is not complete diversity.

Second, plaintiff has not presented any facts showing that the amount in controversy is over $75,000. Indeed, he has not alleged any damages whatsoever.

Finally, plaintiff cannot establish diversity jurisdiction because his case falls within the domestic relations exception to federal jurisdiction. The domestic relations exception "divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody." *Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994). Furthermore, when a cause of action is closely related to an action for divorce, alimony, or child custody, federal courts generally abstain from exercising jurisdiction. *Id.* To that end, child support obligations are clearly within the realm of the domestic relations exception. *See Lannan v. Maul*, 979 F.2d 627, 631 (8th Cir. 1992). Here, plaintiff's case concerns his belief that his child support obligations were improperly raised. Thus, his case falls within the domestic relations exception to diversity jurisdiction.

For all these reasons, plaintiff has not carried his burden of showing that diversity of citizenship jurisdiction exists in this action.

**B. Failure to State a Claim**

Even if plaintiff had properly alleged this Court's subject matter jurisdiction, he has failed to state a claim against any of the three defendants under 42 U.S.C. § 1983.

8

### i.  Defendant Isbell

A defendant can only be held liable pursuant to 42 U.S.C. § 1983 for actions taken under color of state law. *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008). *See also Magee v. Trustees of Hamline Univ., Minn.*, 747 F.3d 532, 535 (8th Cir. 2014) (stating that § 1983 "imposes liability for certain actions taken under color of law that deprive a person of a right secured by the Constitution and laws of the United States"); *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that § 1983 secures constitutional rights from government infringement, not infringement by private parties); and *Montano v. Hedgepeth*, 120 F.3d 844, 848 (8th Cir. 1997) (stating that pursuant to § 1983, "the challenged conduct must have been committed by one who acts under color of law").

Here, there are no allegations showing that Isbell is a state actor or acted under color of state law. Rather, the facts indicate that Isbell is the mother of plaintiff's child, and otherwise a private citizen. Furthermore, there is nothing to suggest that Isbell participated in a joint activity with the State of Missouri, such that she could be considered as acting under color of law. *See Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004) (explaining that when a private party acts under color of state law, he or she can be held liable under 42 U.S.C. § 1983); and *Gibson v. Regions Fin. Corp.*, 557 F.3d 842, 846 (8th Cir. 2009) (explaining that a private party may only be held liable "if it is a willful participant in joint activity with the State or its agents"). In other words, plaintiff presents no facts demonstrating "that there was a mutual understanding, or a meeting of the minds," between Isbell and a state actor or actors. *See Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993). Because plaintiff has not established an essential element of a 42 U.S.C. § 1983 action, the claim against Isbell must be dismissed.

### ii. Defendants Reed and Lusk

In a 42 U.S.C. § 1983 action, a plaintiff can bring a claim against an individual in their official capacity, their individual capacity, or both. *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). However, if a plaintiff's complaint is silent about the capacity in which the defendant is being sued, the complaint is interpreted as including only official capacity claims. *Id. See also Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity"). Here, plaintiff has not indicated the capacity in which Reed or Lusk are sued. Thus, the claims against them are treated as being made in their official capacities only.

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). As such, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson*, 172 F.3d at 535. *See also Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer").

Here, Reed and Lusk are alleged to be working for the State of Missouri. Accordingly, the official capacity claims against them are actually claims against the state itself, their employer.

To the extent that plaintiff is seeking money damages, his claim fails because the State of Missouri is not a "person" for purposes of 42 U.S.C. § 1983, and because the state is protected by the doctrine of sovereign immunity. *See Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (explaining that "a state is not a person for purposes of a claim for money damages under § 1983"); and *Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999) ("A claim for damages

10

against a state employee in his official capacity is barred under the Eleventh Amendment"). To the extent that plaintiff is seeking prospective injunctive relief, he has not established that the State of Missouri violated his constitutional rights due to an unconstitutional policy, custom, or failure to train. *See Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018) (explaining that a governmental entity may be held liable under 42 U.S.C. § 1983 if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise").

Even if Reed and Lusk were assumed to be sued in their individual capacities, the claims still fail. To state a 42 U.S.C. § 1983 claim, "a plaintiff must allege sufficient facts to show (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010). Furthermore, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). A plaintiff bringing a § 1983 action must include in his complaint "either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Brooks v. Roy*, 776 F.3d 957, 960 (8th Cir. 2015).

Here, plaintiff has arguably alleged that Reed and Lusk are state actors, meeting the first requirement of a § 1983 claim. However, he has not established any link between an action taken by either Reed or Lusk and the deprivation of one of plaintiff's constitutional rights. The only allegation against either Reed or Lusk is the ambiguous statement that they "made the premature decision" to raise his child support. Nothing in the complaint supports the conclusion that this "premature decision" was wrongful in any way. Moreover, plaintiff does not show how this

"premature decision" violated the constitution. As such, plaintiff has failed to state a claim under 42 U.S.C. § 1983 against either Reed or Lusk. Therefore, the claims against them must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* Fed. R. Civ. P. 12(b)(1); and 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 30th day of June, 2021.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE